IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COOSEMANS L.A. SHIPPING, INC,

       Plaintiff,

       vs.                                                  No. CV 08-565 WJ/RLP

WINSTON & RUFUS, INC. et al., d/b/a
RILEY'S; NICHOLAS CARTER, an individual; and
REBECCA ALPER CARTER, an individual.

       Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFAULT JUDGMENT UNDER RULE 55(B)(1)

THIS MATTER comes before the Court upon Plaintiff's Motion for Entry of Default Judgment, filed July 29, 2009 **(Doc. 13)**. This is an action for payment of perishable goods brought under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C.A. § 499e. Having considered the Plaintiff's motion and numerous attached exhibits, the Court is satisfied that Plaintiff's claim is for a sum certain and that Plaintiff's motion shall be granted under Fed.R.Civ.P. 55(b)(1).

#### Background

Under § 499e of PACA, merchants, dealers or brokers who fail to make payment for perishable agricultual commodities purchases create a "burden on commerce." § 499e(1). Further, the Act provides that any proceeds from the sale of such goods

> shall held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. . . ."

§ 499e(2). In the instant motion, Plaintiff requests that the Court enter default judgment against

Defendants Winston & Rufus, Inc. d/b/a Riley's and Nicholas Carter ("Defendants").[1]  Plaintiff requests a total amount of $42,787.06, which includes the principal amount owed, interest and attorneys' fees.

The relevant facts indicate that some time between March 3, 2008 and April 17, 2008, Plaintiff sold to Riley's in interstate commerce, and Riley's purchased from Plaintiff, perishable agricultural commodities ("Produce") in the total amount of $26,238.75.  Plaintiff gave written notice to Riley's of its intent to preserve trust benefits in accordance with the 1995 Amendments to PACA by including the statutory trust language, as set forth in 7 U.S.C. § 499e(c)(4), on each of its invoices and sending those invoices to Riley's. Ex. A.  Riley's failed to pay for the Produce, despite repeated demands from Plaintiff.  Nicholas Carter had a fiduciary duty to ensure that Riley's fulfill its duties as a statutory trustee to maintain sufficient PACA trust assets to satisfy its outstanding PACA trust obligations (that is, the debt owed to Plaintiff).[2]

Plaintiff now seeks entry of a judgment against Defendants Riley's and Nicholas Carter as alleged in the Complaint for failure to make payment to Plaintiff from the statutory trust established under § 499e(c) of PACA.  An Entry of Default was filed in this case on October 31, 2008 by the Clerk of Court.  Doc. 10.

## Discussion

Rule 55(b)(1) provides that the Clerk "must" enter default judgment if a plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Plaintiff has presented detailed and complete documentation to support each of the items underlying the total amount of

---

[1] Default judgment is not requested with regard to Defendant Rebecca Alper-Carter. These parties are in the process of negotiating a settlement.  Doc. 13 at 2.

[2] Because Mr. Carter has not filed an Answer or otherwise defended this case, this allegation is not rebutted.

damages requested. Exhibit A consists of 53 pages of invoices which subtotal to an amount of $26,238.75, which is the principal amount owed under the statutory trust established pursuant to § 499e under PACA. Exhibit E is an column chart listing: amounts due for each invoice that was contained in Exhibit A; number of days that payment is overdue, interest accrued at 18%, and the dollar amount of interest due from the trust account ($6,203.46).[3] There is a notation that "additional daily interest" accrues from July 28, 2009 in the amount of $12.94. Exhibits C and D is a clearly itemized set of time sheets regarding attorney fees and costs in the amount of $9,866.00.

The Court has reviewed the material and finds that the documentation provided by Plaintiff constitutes evidence of a "sum certain" or a "sum that can be made certain by computation" and that therefore a hearing is not necessary and default judgment will be entered in favor of Plaintiff as provided under Rule 55(b)(1).

Because Plaintiff is presently negotiating a settlement with the remaining Defendant (Rebecca Carter), the Court will defer entering a Rule 58 Default Judgment. Plaintiff's counsel is ordered to advise the Court when a settlement is reached between the parties.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment (**Doc. 13**) is hereby GRANTED in the total amount of **$42,787.06**.

_____
UNITED STATES DISTRICT JUDGE

---

[3] By the Court's calculations, the total amount due from the Trust Amount would be $32,442.21 and not $32,435.71 as indicated in the last column in Exhibit E. However, the total amount requested by Plaintiff reflects amounts correctly calculated.